UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDDIE RODGERS and PRESTON TUCKER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:16-CV-00976 SNLJ ) |
| THREE LIONS TRANSPORTATION, INC. and LUKA POBRIC | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendants' motion to transfer divisional venue (#7). The matter has been fully briefed and is ripe for disposition. For the following reasons, the Court grants the defendants' motion to transfer this action from the Eastern Division to the Southeastern Division.

### I. Factual Background

This case stems from an automobile accident in Pemiscot County, Missouri that involved plaintiffs and defendant Three Lions Transportation, Inc.'s ("Three Lions") employee, defendant Luka Pobric ("Pobric"). At the time of the accident, Pobric was operating a tractor-trailer within the course and scope of his employment with Three Lions and acting in furtherance of that employment.

Plaintiffs bring six claims against defendant Three Lions and two claims against defendant Pobric. Both plaintiffs are citizens of Missouri while Three Lions is a corporation that is incorporated in Illinois with its principle place of business in Illinois.

1

Pobric is a citizen of Texas. This Court has proper diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs chose to file their complaint in the Eastern Division of the United States District Court for the Eastern District of Missouri and argue that it is a proper venue for this action. Defendants argue that the Eastern Division is improper divisional venue and that the Court's local rules mandate that the action be transferred to the Southeastern Division, which encompasses the county where plaintiffs reside and where the accident occurred.

## II. Proper Divisional Venue

The United States District Court for the Eastern District of Missouri Local Rule 3-2.07 governs divisional venue within the District. Plaintiffs rely on Local Rule 3-2.07(b)(2) that states:

> All actions brought against multiple defendants all of whom reside in the same division must be brought in that division, or in the division where the claim for relief arose. *If at least two of the defendants reside in different divisions, such action shall be filed in any division in which one or more of the defendants reside, or where the claim for relief arose.*
>
> (emphasis added).

The residency of corporate defendants – like Three Lions here – is defined in Local Rule 3-2.07(b)(4) that states:

> For purposes of this rule, a corporation shall be deemed to be a resident of the division in which it has its principal place of business. If a corporation does business throughout the Eastern District of Missouri and has no site therein that can properly be deemed its principle place of business, it is *deemed a resident of any division*

> *where it conducts activities which render it subject to personal jurisdiction in this District.*

(emphasis added).

As this Court understands plaintiffs' position, under the second sentence of Local Rule 3-2.07(b)(2), this action was appropriately filed in the Eastern Division because the Eastern Division is a division in which one of the defendants – Three Lions – resides. Three Lions resides in the Eastern division, plaintiffs explain, because it conducts activities within the Division that subject it to personal jurisdiction within the District as per Local Rule 3-2.07(b)(4). This position, however, is in disregard of the qualifying clause in Local Rule 3-2.07(b)(2), which limits application of the rule to those cases where "at least two of the defendants reside in different divisions." Because there are only two defendants, and one of them, defendant Pobric – a citizen of Texas – does not "reside" in any Eastern District Division, there are not at least two defendants that reside in different divisions. Therefore, Local Rule 3-2.07(b)(2) does not apply. Inexplicably, the rules do not address a case in which only one of multiple defendants resides in an Eastern District Division.

The only other rule pertaining to multiple defendants is Local Rule 3-2.07(b)(3) which governs divisional venue where all defendants are non-residents. It states:

> If none of the defendants is a resident of the Eastern District of Missouri, the action *shall be filed in the division where at least one plaintiff resides, or where the claim for relief arose.*

(emphasis added). The question, then, is whether the corporate defendant, Three Lions, "resides" in the Eastern District under Local Rule 3-2.07(b)(4). If so, the rules provide

no answer, but if not, Local Rule 3-2.07(b)(3) requires transfer to the Southeastern Division where plaintiffs reside and where the cause of action arose.

The general rule in cases involving a challenge to venue is that "once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue." *Collins v. Missouri Co-op. Employee Credit Union*, No. 1:05-CV-0009 ERW, 2005 WL 1702687 at *1 (E.D. Mo. 2005). *See also Naegler v. Nissan Motor Co., Ltd.*, 835 F. Supp. 1152, 1156–57 (W.D. Mo. 1993). Although these cases pertain to the determination of venue, rather than divisional venue, the rule may appropriately be applied in both situations.

Within their complaint, plaintiffs here allege only that "Three Lions Transportation transported vehicles and goods throughout the counties comprising the Eastern Division of the Eastern District of Missouri, and is therefore deemed a resident of the Eastern Division, establishing venue in this Court" (#1 par. 8). Defendants denied this allegation in their answers (#5, #6). Given the defendants' challenge to divisional venue, it was then incumbent on plaintiffs to prove that Three Lions resided in the Eastern District by more than the simple conclusory allegation in the complaint. Plaintiffs' failure to do so means that none of the defendants reside in the Eastern District. Accordingly, under Local Rule 3-2.07(b)(3), this case must be transferred to the Southeastern Division where the plaintiffs reside and where the claim for relief arose.

**IT IS HEREBY ORDERED** that defendants' motion to transfer divisional venue (#7) is **GRANTED**.

**SO ORDERED** this 16th day of December, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE